Filed 8/7/26  P. v. Medina-Barragan CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>RODOLFO MEDINA-BARRAGAN,<br><br>　　　Defendant and Appellant. | A173791<br><br><br>(San Mateo County<br>Super. Ct. No. SC083434A) |

**MEMORANDUM OPINION**[1]

When Rodolfo Medina-Barragan was 16 years old, he attempted to murder two people, for which he was convicted in adult criminal court in 2015.  After a successful petition for resentencing in 2025, he contends he is entitled to a juvenile court transfer hearing, which he did not get.  The People agree, and so do we.

**BACKGROUND**

Per a negotiated disposition in the San Mateo Superior Court, in 2015 Medina-Barragan pleaded no contest to attempted murder and admitted a gang enhancement under the California Street Terrorism Enforcement and Prevention Act (Pen. Code, § 186.20 et seq.).  (Pen. Code, §§ 187, subd. (a),

---

[1] Cal. Stds. Jud. Admin., § 8.1; Ct. App., First Dist., Local Rules of Ct., rule 19.

1

664, 667.5, subd. (c), 1192.7, subd. (c), 186.22, subd. (b)(1)(C); Welf. & Inst. Code, § 707, subd. (d)(1); counts 2–3.)  After accepting his plea, the adult criminal court sentenced him to the negotiated prison term of 11 years 4 months.[2]

In 2024–2025, Medina-Barragan successfully petitioned the adult criminal court for resentencing under Penal Code section 1172.6.  After the court granted his petition, defense counsel argued he was entitled to a juvenile court transfer hearing because he was 16 years old when he committed his crimes.  The court then set a future hearing on whether the adult criminal court or the juvenile court should resentence him, specifically: "That [hearing] is just for a decision . . . whether you have to go back to juvenile court and litigate the issue of whether is it transferred [*sic*] to adult court.  If the decision is he is transferred to the adult court, then one of the adult judges handles resentencing.  If he is certified to stay in [the] juvenile court, then one of the juvenile judges handles resentencing. [¶] Is that how you both look at the issue?"  Counsel for each side confirmed, "Yes."

The hearing spanned two dates, April 22, 2025, and June 26, 2025. In April, defense counsel characterized the hearing differently, as "on the merits of the issue of the redesignation of the offenses."  In June, the adult criminal court redesignated the convictions as for shooting at an inhabited dwelling (Pen. Code, §§ 246, 1192.7, subd. (c), 186.22, subd. (b)(1)(C); counts 2–3) and resentenced Medina-Barragan to five years in prison,

---

[2] Ten other felony charges and gang and other enhancements were dismissed:  attempted murder (Pen. Code, §§ 187, subd. (a), 664, 186.22, subd. (b)(5), 12022.53, subd. (e); counts 1, 4); shooting at an inhabited dwelling (Pen. Code, §§ 246, 186.22, subd. (b)(4), 12022.53, subd. (e); counts 5–11); and active participation in a criminal street gang (Pen. Code, § 186.22, subd. (a); count 12).

already served.  Whether the adult criminal court or the juvenile court should resentence him was not discussed or adjudicated on either date. Medina-Barragan timely appealed, contending he remains entitled to a juvenile court transfer hearing, which the People concede.

## DISCUSSION

In 2016, voters passed "The Public Safety and Rehabilitation Act of 2016" (see Off. Voter Information Guide, Gen. Elec. (Nov. 8, 2016), text of Prop. 57, § 1, p. 141), amending the Arnold–Kennick Juvenile Court law (Welf. & Inst. Code, § 200 et seq.) to obligate the People to criminally charge a minor in the juvenile court unless the juvenile court determines after a transfer hearing that the minor should be tried and sentenced as an adult. (Off. Voter Information Guide, *supra*, text of Prop. 57, §§ 4.1–4.2, pp. 141–145; see *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303, 305–307 [background].)  This part of the act applies retroactively to nonfinal judgments.  (*People v. Superior Court (Lara)*, at pp. 303–304; accord, *People v. Padilla* (2022) 13 Cal.5th 152, 158, 167.)  When a court vacates a criminal sentence after a successful petition for resentencing, it reacquires jurisdiction to reimpose punishment and the judgment reverts to being nonfinal for that purpose.  (*People v. Padilla*, at pp. 161–162.)  The parties agree Medina-Barragan is entitled to a juvenile court transfer hearing, and for these reasons so do we.  But we emphasize:  "Whatever potential that hearing may have for reducing his punishment (the nonfinal part of his judgment), it does not authorize or constitute relitigation of guilt."  (*People v. Padilla*, at pp. 169–170.)

## DISPOSITION

The judgment is conditionally reversed.  The matter is remanded to the superior court with directions to refer the case to the juvenile court for a

transfer hearing to determine if the juvenile court would have transferred the case to the adult criminal court if the case had originally been filed in the juvenile court in accordance with current law.

If the juvenile court determines it *would not* have transferred the case to the adult criminal court under current law, it shall treat defendant's convictions as juvenile adjudications as of the date defendant was convicted and impose an appropriate disposition.

If the juvenile court determines it *would have* transferred the case to the adult criminal court under current law, it shall transfer the case to the adult criminal court, which shall then reinstate defendant's sentence and forward a certified copy of the abstract of judgment to the Department of Corrections and Rehabilitation.

Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.

A173791/*People v. Rodolfo Medina-Barragan*

4